Andrea Callan (AC 5683)
Worker Justice Center of New York
9 Main Street
Kingston, New York 12401
Tel: (845) 331-6615
Fax: (845) 331-6617
acallan@wjcny.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ARTURO VASQUEZ,<br><br>      Plaintiff,<br><br>v.<br><br>44 GALLOWAY FOOD MKT., INC. d/b/a LARRY'S DELI; SAID S. HASHIMI a/k/a JAMES HASHIMI in his individual capacity; and KHWAJA A. AHAD a/k/a JOHN AHAD in his individual capacity,<br><br>      Defendants. | FIRST AMENDED COMPLAINT<br><br>Civil Action No.<br>7:14-cv-6891(KMK)(JCM)<br><br>ECF Case |

Plaintiff Jose Arturo Vasquez (herein Plaintiff), by and through undersigned counsel, brings this Complaint in support thereof states as follows:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff for (i) unpaid overtime and untimely payment of wages under the Fair Labor Standard Act (FLSA) and (ii) unpaid overtime, unpaid wages and violations of notice requirements under New York Labor Law (NYLL) committed by his employer, Defendant 44 Galloway Food Mkt., Inc. d/b/a Larry's Deli.

2. Throughout Plaintiff's employment, Defendants willfully violated federal and state wage laws by failing to pay the Plaintiff overtime wages for hours worked in excess of forty

1

(40) hours in a workweek and by systematically engaging in wage statement and notice violations.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this action arising under the laws of the United States, by 28 U.S.C. § 1337, this action arising under the Acts of Congress regulating commerce, and by 29 U.S.C. §216(b) of the FLSA.

5. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. §1367, and Plaintiff's state law claims involve the same case or controversy as Plaintiff's federal law claims.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Plaintiff Jose Arturo Vasquez is a former employee of 44 Galloway Food Mkt., Inc. d/b/a Larry's Deli.

8. Plaintiff Jose Arturo Vasquez resides in Orange County, New York.

9. Defendant 44 Galloway Food Mkt., Inc. d/b/a Larry's Deli. (herein Corporate Defendant) is a New York domestic business corporation with its principal executive office located at 44 Galloway Road, Warwick, New York 10990.

10. Upon information and belief, at all times relevant to this Complaint, Defendant Said S. Hashimi a/k/a James Hashimi was an owner of Corporate Defendant.

11. Upon information and belief, Defendant Said S. Hashimi a/k/a James Hashimi lives in Orange County, New York.

2

12. Upon information and belief, at all times relevant to this Complaint, Defendant Said S. Hashimi a/k/a James Hashimi exercised control over all aspects of the day-to-day functions of Corporate Defendant including (i) operational control over the operational enterprise, including actively managing, supervising, and directing the business operations; (ii) power to establish, and did establish, the terms and conditions of employment of Plaintiff; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having ability to determine the rate and method of employee payment; and (vi) maintaining employment records and the employment entity.

13. At all times relevant to this Complaint, Defendant Said S. Hashimi a/k/a James Hashimi acted directly and indirectly in Corporate Defendant's interest in relation to its employees, including Plaintiff.

14. Upon information and belief, at all times relevant to this Complaint, Defendant Khwaja A. Ahad a/k/a John Ahad was an owner of Corporate Defendant.

15. Upon information and belief, Defendant Khwaja A. Ahad a/k/a John Ahad lives in Orange County, New York.

16. Upon information and belief, at all times relevant to this Complaint, Defendant Khwaja A. Ahad a/k/a John Ahad exercised control over all aspects of the day-to-day functions of Corporate Defendant, including (i) operational control over the operational enterprise, including actively managing, supervising, and directing the business operations; (ii) power to establish, and did establish, the terms and conditions of employment of Plaintiff; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having ability to determine the rate and method of employee payment; and (vi) maintaining employment records and the employment entity.

17. At all times relevant to this Complaint, Defendant Khwaja A. Ahad a/k/a John Ahad acted directly and indirectly in Corporate Defendant's interest in relation to its employees, including Plaintiff.

18. Upon information and belief, since at least 2008, Corporate Defendant has constituted an enterprise engaged in commerce, and Corporate Defendant, in operating the deli, has performed related activities through unified operation or common control for a common business purpose.

19. Upon information or belief, since at least 2008, Corporate Defendant has employed two (2) or more individuals, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including deli meats.

20. Upon information and belief, Corporate Defendant's annual gross volume of sales made or business done was not less than $500,000 in the past fiscal year.

## FACTS

21. Plaintiff was employed by Defendants from approximately November 2005 through January 2014.

22. Plaintiff's job duties and responsibilities for Defendants included but were not limited to slicing meats and cheeses, making sandwiches and food, general cleaning, mopping, washing dishes, filling the cooler with drinks and taking out the garbage.

23. Not at the time of hire nor at any time during his employment with Defendants did Plaintiff receive from Defendants, in Plaintiff's primary language, the legally mandated written pay notice containing, among other things, regular and overtime rates of pay.

4

24. Throughout Plaintiff's employment with Defendants, Plaintiff worked nine (9) hours per day, seven (7) days per week, totaling approximately sixty-three (63) hours each week.

25. Throughout Plaintiff's employment with the Defendants, Plaintiff was not compensated at the rate of time-and-one-half the regular or lawful hourly rates for hours worked in excess of forty (40) hours in a workweek.

26. When Plaintiff's first began his employment with the Defendants in November 2005, Defendants paid Plaintiff seven dollars and twenty-five cents ($7.25) per hour for hours worked over forty (40) in a workweek.

27. In 2010, Defendants paid Plaintiff eight dollars and fifty cents ($8.50) per hour, for hours worked over forty (40) in a workweek.

28. Beginning in December 2013, Defendants paid Plaintiff nine dollars ($9.00) per hour, for hours worked over forty (40) in a workweek.

29. Throughout Plaintiff's employment with Defendants, Defendants failed to provide Plaintiff any legally-mandated wage statement.

## FIRST CAUSE OF ACTION
(Fair Labor Standards Act – Payment of Wages)

30. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if set forth herein.

31. Defendants failed to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and its implementing regulations.

32. Defendants' failure to pay the required overtime wage was willful within the meaning of 20 U.S.C. § 255 in that Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

33. Defendant's Failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## SECOND CAUSE OF ACTION
(New York Labor Law – Payment of Wages)

34. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if set forth herein.

35. Defendants failed to pay Plaintiff for overtime wages in violation of NYLL Article 19 and its implementing regulations.

36. Defendants' failure to pay the required wages as set forth herein was willful within the meaning of NYLL.

37. Defendants' failure to comply with New York wage and hour protections caused Plaintiff to suffer loss of wages and interest thereon.

## THIRD CAUSE OF ACTION
(New York Labor Law – Notice and Wage Statement Violations)

38. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if set forth herein.

39. At no time did Defendants furnish Plaintiff with the legally mandated written pay notice at the time of hire and annually in violation of NYLL § 195(1).

40. At no time did Defendants furnish Plaintiff with the legally mandated wage statements in violation of NYLL § 195(3).

WHEREFORE, Plaintiff requests that this Court enter an Order:

ii. Granting judgment to Plaintiff on his FLSA claims and awarding Plaintiff his unpaid overtime wages, and statutory liquidated damages;

iii. Granting judgment to Plaintiff on his NYLL claims and awarding overtime wages and statutory liquidated damages as well as other damages allowed under New York law;

iv. Awarding Plaintiff prejudgment and post-judgment interest as allowed by law;

v. Awarding Plaintiff his costs and reasonable attorneys' fees; and

vi. Granting such further relief as the Court deems just and proper.

Dated: Kingston, New York
February 4, 2015

*/s/ Andrea Callan*
Andrea Callan (AC 5683)
Worker Justice Center of New York
9 Main Street
Kingston, NY 12401
Tel: (845) 331-6615
Fax: (845) 331-6617
acallan@wjcny.org

Attorneys for the Plaintiff